IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02183-PSF-BNB

ZACHARY J. SMITH,

    Plaintiff,

v.

ROBERT F. PROCTOR,
CHRIS SHAFER,
GARY HAMILTON, and
THE CITY OF CRIPPLE CREEK, COLORADO, a Colorado Municipal Corporation,

    Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on defendants' Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 18), filed March 22, 2005. Plaintiff filed his response thereto on April 27, 2005 and defendants filed their reply on May 20, 2005. The matter is ripe for determination.

**BACKGROUND**

This action arises from the investigation, arrest and prosecution of Plaintiff Zachary J. Smith on charges of domestic violence and child abuse in the Teller County District Court in 2003. As alleged in plaintiff's Amended Complaint, Defendants Robert Proctor and Chris Shafer are or were police officers employed by Defendant City of Cripple Creek ("Defendant City") who were acting under color of law in connection with the alleged events. Defendant Gary Hamilton was the Chief of the Cripple Creek Police Department during the relevant time (Amended Complaint at ¶¶ 4, 5 and 6).

Defendant City is alleged to be a municipal corporation and is alleged to be the employer of the three individuals (*see* Amended Complaint at ¶¶ 7, 32 and 51).

According to the Amended Complaint, on or about April 5, 2003 Officer Proctor responded to a call regarding alleged child abuse by Mr. Smith of a girl named Rainbow Ackerman (*id.* at ¶ 8). Rainbow Ackerman is the daughter of Julia Ackerman, who at the time of these events was pregnant with plaintiff's child (*id.*). According to the Amended Complaint, Defendant Proctor made a report and issued an affidavit that stated that "Ackerman," apparently Julia, was assaulted by plaintiff (*id.* at ¶ 9). Plaintiff has stated that Julia Ackerman is his fiancé (Transcript of hearing, Exhibit D to Defendants' Motion at 3).

Thereafter the two officers continued their investigation into possible charges against plaintiff for child abuse of Rainbow Ackerman and for assault and domestic violence on her mother, Julia Ackerman. On April 28, 2003, Officer Proctor swore out two affidavits that were filed in the Teller County District Court, one to provide probable cause for charges of assault, domestic violence and wire-tapping against plaintiff (Exhibit A to Defendants' Motion) and one to provide probable cause for charges of child abuse against plaintiff (Exhibit B to Defendants' Motion). On the same date a judge of the Teller County District Court issued two warrants for the arrest of plaintiff on charges of assault, domestic violence and wire-tapping (Exhibit E to Defendants' Motion) and on charges of child abuse (Exhibit F to Defendants' Motion).

Plaintiff alleges that "on the advice of counsel [he] entered into a plea agreement on the charges." (Amended Complaint at ¶ 19). A transcript of a proceeding held on July 15, 2003 before the Teller County District Court shows more specifically that

2

plaintiff pled guilty to a charge of child abuse in open court (*see* transcript of proceedings in *People v. Smith*, 2003 M 208, Exhibit C to Defendants' Motion at 6). The District Judge accepted plaintiff's plea and pursuant to the plea agreement imposed a deferred sentence of 24 months. *Id.*

A transcript of a proceeding in the second case held on August 26, 2003 before the same Teller County District Court shows that plaintiff pled guilty to assault in the third degree on Julia Ackerman, expressly admitting in open court that he "knowingly or recklessly cause[d] some bodily injury to another person." (*see* transcript of proceedings in *People v. Smith*, 2003 M 206, Exhibit D to Defendants' Motion at 3). The district judge accepted plaintiff's plea and pursuant to the plea agreement imposed a deferred sentence of 24 months. *Id.* at 6. Although the record does not so reflect, it appears the other charges in the second case (2003 M 206) were dismissed.

**PLAINTIFF'S COMPLAINT**

On March 10, 2005, plaintiff filed his Amended Complaint, which was unopposed and was permitted to be filed by Order dated March 14, 2005. Plaintiff essentially alleges that during the course of the police investigation of the above incidents various information was provided to Defendant Shafer, primarily by plaintiff's mother, which information plaintiff asserts was not passed on by Defendant Shafer in police reports or to Defendant Proctor for inclusion in the affidavits offered to the court (Amended Complaint ¶¶ 11-16, 22). Plaintiff further alleges that during the course of the police investigation other information was provided to Defendant Proctor by Ms. Ackerman, or other unnamed "witnesses" that was not included in Defendant Proctor's affidavits in support of the arrest warrants (Amended Complaint ¶¶ 23-27). Plaintiff seems to assert

3

this omitted information was exculpatory and might have negated the probable cause to believe that plaintiff should be charged with the offenses described above. Plaintiff further alleges that in June 2004 his mother met with Defendant Hamilton to inquire why this alleged information was omitted from the police reports and affidavits, that she demanded an investigation, but that none was forthcoming (Amended Complaint ¶¶ 28-31). Plaintiff adds that those actions by Defendants Shafer, Proctor and Hamilton were the result of the Defendant City's lack of care in hiring and training Defendants Shafer and Proctor (Amended Complaint ¶ 32).

Plaintiff asserts three claims for relief arising out of the alleged events. Plaintiff first claims that Defendants Shafer, Proctor and Hamilton, acting under color of state law, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 (First Claim for Relief) through his false arrest and detention.

Specifically plaintiff asserts deprivation of: (1) his right "not to be deprived of life, liberty or property," and his right "not to be punished cruelly or unduly" without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution (Amended Complaint ¶ 37(A) and (B)); (2) his right "not to be falsely arrested without due process" in violation fo the Fifth and Fourteenth Amendments (Amended Complaint ¶ 37(C)); (3) his right "to be secure in his person" as established by the Fourth and Fourteenth Amendments (Amended Complaint ¶ 37(D)); (4) his right "not [sic] to be informed of the nature and causes of accusations against him" as provided in the Sixth and Fourteenth Amendments (Amended Complaint ¶ 37(E)); and (5) his right not to be subjected to cruel and unusual punishment under the Eighth And Fourteenth Amendments (Amended Complaint ¶ 37(F)).

Plaintiff next claims that Defendants Shafer, Proctor and Hamilton conspired "to impede or hinder, or obstruct or defeat the due course of justice," and to "deny Plaintiff the equal protection of the law." (Amended Complaint ¶¶ 42-43). Citing the same constitutional violations set forth in the First Claim for Relief, plaintiff avers in his Second Claim for Relief that such conduct violated 42 U.S.C. § 1985.

Finally, in his Third Claim for Relief plaintiff asserts a violation by the Defendant City of 42 U.S.C. § 1983 due to its alleged negligence in "inadequately hiring and failing to properly train and supervise" the individual defendants (Amended Complaint ¶ 51). Plaintiff seeks actual and punitive damages against all defendants.

**DEFENDANTS' MOTIONS**

Defendants' Motion to Dismiss argues that plaintiff's claims under 42 U.S.C. § 1985 (Second Claim For Relief) and his claims under 42 U.S.C. § 1983, to the extent they purport to allege violations of the Fifth, Sixth and Eight Amendments (First Claim for Relief), must be dismissed under Rule 12(b)(6), F.R.Civ.P., as they fail to allege sufficient facts to state a claim for relief under either statute.

Defendants further argue that the doctrine of qualified immunity protects the individual defendants from plaintiff's claims, and alternatively that the doctrines of collateral or judicial estoppel bar plaintiff's claims. Finally defendants argue that a lawsuit such as this one is "contrary to the public policy of Colorado's deferred sentencing act, C.R.S. 18-1.3-102."

**ANALYSIS**

    A.    <u>Motion to Dismiss under Rule 12 (b)(6)</u>

The Court agrees with defendants that the Amended Complaint does not contain sufficient allegations to state claims for violation of plaintiff's rights under either the Sixth or Eighth Amendments.

The Sixth Amendment does provide that individuals are to be informed of the nature and cause of the accusation against them, but there are no allegations in the Amended Complaint that plaintiff was not so informed. Moreover, a review of the transcripts of the hearings on July 15, 2003 and August 26, 2003 reflect that the state district judge plainly advised plaintiff of the charges against him at the time he entered his pleas of guilty. (Pursuant to 12(b), F.R.Civ.P., this Court may consider matters outside the Amended Complaint, converting the motion to one for summary judgment but here the mere lack of factual averments as to a Sixth Amendment violation is sufficient by itself to warrant dismissal of such a claim.) Accordingly, the claims purported to be set forth at ¶¶ 37E of the Amended Complaint must be dismissed as a matter of law.

As for the Eighth Amendment contentions, plaintiff makes no allegations about imposition of excessive bail, or the conditions of confinement, or any punishment inflicted upon him. Moreover, the Eighth Amendment bars cruel and unusual punishment relating to persons convicted of crimes, and not to conditions relating to pretrial detention. *See Bell v. Wolfish,* 441 U.S. 520, 535, n.16 (1979); *Olsen v. Layton Hills Mall*, 312 F.3d 1304,1315 (10th Cir. 2002). Any punishment imposed by the state before such a determination of guilt is protected by the Due Process Clause of the

Fourteenth Amendment, not the Eighth Amendment, although the analysis does not differ. Accordingly, plaintiff's § 1983 claim for cruel and unusual punishment under the Eighth Amendment as pled in the Amended Complaint must be dismissed as matter of law. *Id.*

Defendants submit that plaintiff's claims under 42 U.S.C. § 1985 must be dismissed because plaintiff alleges no class-based or racially discriminatory animus (Defendants' Motion at 6-7). Plaintiff responds that because he is bringing his claims under subsection (3) of the statute, no such allegations are required (Response at 8-9). The Court does not agree.

In *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971), the Supreme Court expressly held:

> The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose-- by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.

*See also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994), *cert. denied* 515 U.S. 1142 (1995). Plaintiff's Amended Complaint, failing as it does to allege class-based or racially discriminatory animus, fails to state a cause of action under 42 U.S.C. § 1985.

B.  <u>Motion for Summary Judgment--Collateral and Judicial Estoppel</u>

Plaintiff's remaining claims under § 1983 against the individual defendants as police officers essentially allege an unlawful arrest without probable cause or a

negligent investigation into whether or not probable cause existed to arrest and charge plaintiff.

To be sure, an arrest without probable cause or a negligent investigation leading to an unlawful arrest can give rise to a proper claim for violation of an individual's rights under either the Fourth or Fifth Amendment. In *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004) the Tenth Circuit stated:

> This Court has previously held that officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions.

359 F.3d at 1292.

Cases have also held that an arrest warrant affiant could violate the Fourth Amendment rights of an arrested person by making a false statement in the arrest warrant affidavit, or by omitting information from an affidavit which, if included, would vitiate the probable cause to arrest. *See Taylor v. Meacham,* 82 F.3d 1556, 1562 (10th Cir.), *cert. denied*, 519 U.S. 871 (1996). Thus the Court understands plaintiff's assertion here to be that the conduct or omissions of Defendants Proctor and Shaffer in investigating the allegations of domestic violence and child abuse, and in making the affidavits submitted to the Court, caused plaintiff to be charged with the offenses allegedly in violation of his Fourth or Fifth Amendment rights.

Defendants argue that they are entitled to summary judgment either because the qualified immunity of police officers protects their conduct unless they are shown to have knowingly and recklessly violated plaintiff's constitutional rights, or alternatively,

because plaintiff's guilty pleas constitute collateral or judicial estoppel preventing him from arguing that there was a lack of probable cause or an insufficient investigation to justify the charges. The Court agrees with defendants on their second argument and finds that summary judgment must enter for the following reasons.

In support of their argument defendants cite to *Jiron v City of Lakewood*, 392 F.3d 410 (10th Cir. 2004), a case factually similar to the instant matter. In *Jiron*, the Tenth Circuit deduced that the Colorado law of collateral estoppel accords "preclusive effect to a guilty plea in a subsequent civil proceeding" against police officers for alleged civil rights violations emanating from the same events which provided the factual basis for the guilty plea. 392 F.3d at 416. Specifically, the Court held that "a party who has pled guilty to a crime in Colorado state court is collaterally estopped from relitigating the elements of that crime in a subsequent civil proceeding." *Id.* at 417.

Plaintiff here does not argue with the holding in *Jiron* (Response at 11), but rather argues that his case is different because he received deferred sentences after entering his pleas (*id.* at 11-12). Essentially plaintiff argues that under Colorado's deferred sentencing system, his guilty pleas do not constitute a collateral or judicial estoppel barring this civil suit. This Court does not agree.

In the recent decision in *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005), decided after defendants here filed their motion but before briefing was completed, the Tenth Circuit panel affirmed a summary judgment for police officers in a civil rights action nearly identical to the circumstances of this case. The Tenth Circuit panel held that the doctrine of judicial estoppel barred the civil rights claims of the plaintiffs for false arrest against police officers when the plaintiffs had entered "pleas in

abeyance" to the underlying charges under Utah law in state court. 405 F.3d at 1069. The plea in abeyance under Utah law is similar to a deferred sentence under Colorado law.

The Tenth Circuit held that the three part test of judicial estoppel was satisfied in *Johnson* because (1) the plaintiffs' factual position was clearly inconsistent to the position taken when they entered their plea, (2) the Utah state court accepted the pleas and allowing the plaintiffs to later change their position to argue that their arrest was invalid would create "the perception that either the first or the second court was misled," and (3) if plaintiff were successful in the civil rights suit they would "derive an unfair advantage" or "impose an unfair detriment on the opposing party." *Id*. at 1069-70. The three-part test is also satisfied in the instant case.

Plaintiff here pled guilty to a charge of domestic violence, specifically admitting in open court that he "knowingly or recklessly cause[d] some bodily injury to another person." (See transcript of proceedings in *People v. Smith*, 2003 M 206, Exhibit D to Defendants' Motion at 3-4). With respect to the charge of child abuse, the Court notes that there was an offer of proof by the State that the child's injuries were consistent with the infliction of them by the plaintiff rather than the alternative theories advanced (Exhibit C to Defendants' Motion at 5). Although the factual basis for the charge was technically "waived" by the state judge, the plaintiff immediately thereafter pled guilty to the charge of child abuse. *Id.* at 6. Plaintiff in the instant case essentially contends that there was a lack of probable cause to even charge him with these offenses, despite his guilty plea to each charge. Such a contention is "clearly inconsistent" to his position in the state court.

Second, the plaintiff here, like the plaintiffs in *Johnson*, convinced the state court that he intended to do bodily harm to the purported victim, and accepted responsibility for that action, and to now attempt to refute and negate that position in the federal court would create a perception that either the state court or this Court was misled.

Third, if plaintiff were successful here he would derive an unfair advantage and impose an unfair detriment on the opposing party. Like the plaintiffs in *Johnson*, the plaintiff here received a substantial benefit from his guilty pleas as he avoided a lengthy sentence. Now, after avoiding a sentence he wishes to argue that his arrest was illegal. As was true in *Johnson*, this argument is "too much to take" and plaintiff's argument is "nothing more than an intentional attempt to mislead the [federal courts] to gain unfair advantage in this action." *Id.* at 1070 (brackets in original).

Accordingly, the individual defendants are entitled to summary judgment on plaintiff's claims against them under 42 U.S.C. § 1983 for the alleged violations of plaintiff's rights under the Fourth and Fifth Amendments due to an alleged inadequate investigation of, or the failure to provide probable cause for, the charges brought against plaintiff.

Because the claims against the individual officer defendants are subject to summary judgment, the claim against the Chief of Police and the municipality must also be dismissed. As stated in *Jiron*, "a municipality cannot be liable under § 1983 if the officer in fact inflicted no constitutional harm." 392 F.3d at 419. Having dismissed the claims against the arresting officer, the *Jiron* court then dismissed the claims against the municipality and the chief of police for inadequate training and supervision. *Id.* The same result ensues here. Where there is no underlying liability for alleged

unconstitutional acts by agents of a municipal employer, derivative liability can not be found against the municipality or the agents' supervisor.

**CONCLUSION**

Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 18) is GRANTED. Plaintiff's Second and Third Claims for Relief, and his claims for violation of the Sixth and Eight Amendments contained in the First Claim for Relief, are DISMISSED under Rule 12(b)(6), F.R.Civ.P.

Summary judgment shall enter for the individual defendants on the remaining claims in plaintiff's First Claim for Relief.

Pursuant to Rule 54(d)(1), F.R.Civ.P., this Court finds that costs should not be allowed to defendants as the prevailing parties, as the lead authority for this Court's determination on the motion, the Tenth Circuit's decision in *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005), decided April 25, 2005, was not cited by the defendants in their reply brief filed May 20, 2005, nor was it called to the Court's attention thereafter. Accordingly, the parties are to bear their own costs.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

DATED: October 20, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge